ERNEST B. MARCH *vs.* FRANCIS BARNFIELD et als.

Cumberland.    Opinion July 21, 1910.

*Execution.    Arrest.    Bond to Release Debtor.    Satisfaction.*

The bond allowed by Revised Statutes, chapter 114, section 49, to obtain the release of a debtor from arrest upon execution, is satisfied if and when the debtor seasonably and actually does "deliver himself into the custody of the keeper of " the proper jail, even though he does not furnish the jailer with a copy of the bond, or execution, or with any other precept.

*Hussey* v. *Danforth,* 77 Maine, 17, affirmed.

On agreed statement of facts.    Judgment for defendant.

Action of debt on a bond given under Revised Statutes, chapter 114, section 49, to secure the release of the defendant from an arrest on execution, brought in the Superior Court, Cumberland County, against the defendant as principal and Kathleen Barnfield and W. Harry Lynch, as sureties.    An agreed statement of facts was filed and the case then reported to the Law Court for determination.

The case is stated in the opinion.

*Reynolds & Sanborn,* for plaintiff.

*Harry E. Nixton,* for Francis & Kathleen Barnfield.

*Michael T. O'Brien,* for W. Harry Lynch.

SITTING:   EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

EMERY, C. J.    This is an action on a bond given under R. S., ch. 114, sec. 49, to secure the release of a debtor of the plaintiff

from an arrest upon execution. Among other things it was stipulated in the condition of the bond, as provided by the statute, that the bond should be regarded as fulfilled and cancelled if the debtor should, within six months thereafter, "deliver himself into the custody of the keeper of the jail to which he is (was) liable to be committed under said execution."

Before the last day of the term named in the bond the debtor went to the jail to which he was liable to be committed, and offered to surrender himself, informing the jailer that he did so to save his sureties on a poor debtor bond; but he produced no copy of the bond or of the execution. The jailer at first declined to receive him but later did receive him as requested and locked him up in the jail without such copy or any precept. The plaintiff was notified of such surrender and that he would be held responsible for the debtor's bond. The debtor also made written complaint, under section 81 of ch. 114, R. S., of his inability to support himself or furnish security for his support in jail. After remaining in jail some three weeks, his board not being paid, the debtor was allowed to go free at his own request.

The plaintiff contends that the debtor's delivery of himself into the custody of the jailer without any copy of the bond, or execution or other precept, is not such a delivery as is contemplated by the statute and the bond given in pursuance of the statute. His argument is substantially as follows : An arrest upon execution is allowed to compel payment or a disclosure of the debtor's property affairs. If the debtor, instead of making such payment or disclosure, gives the bond permitted by the statute, and again fails to pay or disclose during the term of the bond, he should so deliver himself into the custody of the jailer that he can be lawfully held in jail against his will, so that he may be compelled to make the desired payment or disclosure to obtain his release. If the jailer receives the debtor without any precept or papers showing authority to hold him in jail, the imprisonment is without authority, the debtor is under no compulsion and the purpose of the arrest and bond is defeated.

This action, however, is upon the bond and is to be determined by the terms of the bond, whatever the result. In the bond it is

expressly stipulated that it should be void if the debtor within six months should "deliver himself into the custody of the keeper of the jail," etc. This the debtor did do. He not only offered to do so, but he completed delivery. He was actually received into custody. The jailer accepted him as a prisoner in his custody. The bond did not require the debtor to furnish any precepts or copies but only to "deliver himself." He did all that he and his sureties engaged he should do. The case, *Hussey* v. *Danforth*, 77 Maine, 17, to the same effect is affirmed.

Whether the jailer should have received the debtor without any papers, or having received him should have kept him in custody until he made payment or disclosure, are questions not before us.

*Judgment for the defendants.*